Good morning, your honors. I'm Greg Fuller in Toon Falls, Idaho, and I represent Mr. Santiago. Mr. Santiago pled to conspiracy to possess and distribute illegal drugs. It was a conspiracy involving probably five or six co-conspirators. And it's important to note that he did plead to the conspiracy to commit the crime and not the crime itself, and I think that makes a big difference in this case. He was sentenced to 300 months. The second greatest sentence that was meted out was 190 months. Now, when we deal with conspiracy, it presents a different situation in the context of sentencing, in my way of thinking anyway, and I think in most courts' way of thinking. We have five, six parties involved in an agreement, and the agreement is the crime. And because there are several co-defendants involved, because some had trials, some pled, different judges sentencing, that kind of a situation, there has to be some process to differentiate between each of these co-defendants and co-conspirators to prevent arbitrary and capricious sentences. I mean, it's just, which is exactly what happened in this particular case. A way to do that seems to have evolved a method set out in U.S. v. Haines in which it's mandated that the court must make necessary individualized findings linking defendant's participation in the conspiracy with the amount of drugs, the quantum of drugs. Weren't the amount of drugs set out in the pre-sentence report and there was no objection as to what the calculations were? Well, unusually, in this particular situation, for two reasons there was no objection. Number one, the judge indicated that, in fact, those were unreasonable numbers and didn't rely on them. Well, he said he had some concern. He didn't say it was unreasonable. Specifically, I believe, I apologize, but I think he indicated the estimates here are just beyond, I think, reasonableness. And because of that But the judge also said, at least if I'm recalling correctly, that a sizable amount was involved. Exactly right. And he had, the judge expressed some concern about the amount, but isn't it still the obligation of the party to object to the PSR if the party wants to preserve that issue? And in the absence of objection, don't we review for plain error? It appears to me, and the way I look at this is it appears to be a fundamental situation, a mandated situation. In fact, in the case of U.S. v. Haynes, during the sentencing proceeding, counsel or the defendant did not dispute the PSI finding of the quantity of those amounts. In that particular case, it would appear that it's so fundamental, so mandated, that the fact that nobody objected doesn't seem to change the fact that we still have to do it. And I think there's several reasons for that. One big reason for it is this, regardless of who objects, the fact is nobody really can appeal because we don't know, the appeal court has no basis upon which to decide whether a sentence is excessive or not excessive. There's simply nothing there. And in this particular case, unusually what happened here also was the judge had the defendant start out his argument at the sentencing hearing. Reverse order, which through me, I can assure you, never done that before. And I had expected, quite frankly, that the U.S. attorney was going to present specific evidence of amounts that could be attributed to the defendant, Santiago. That was never done, as you, I'm sure, read the transcript. Simply, the amounts weren't discussed, not in any specificity. But what the cases seem to say is regardless of whether anybody objects, regardless of whether the court says, and, in fact, I think the judge did want to say that I've indicated I have some concern about this, about how the total amount of drugs is right. Nevertheless, I'm convinced there's a lot of drugs, a sizable amount. And specifically, I believe the case that I cited, United States v. Dudley, the district court may not simply conclude that the defendant was responsible for a certain amount of drugs beyond a reasonable doubt or a lot of drugs. That's not enough. The district court judge is supposed to rule on something if there's no objection. There's nothing for him to rule on. Well, as I read the cases, the court in conspiracy cases involving drugs must always, regardless of, I admit it's the prosecutor's job to present that evidence. And that wasn't done. That was our second assignment of error. But he's got to do that regardless, whether anybody objects or not. That's mandated. That's fundamental. And in every case involving a conspiracy, we have to be able to tie in the amount of drugs that can be attributable to that defendant's participation in the conspiracy. Excuse me, Judge, go ahead. You say if I look at Haines, that's what Haines says? That's right. Okay. The question I have is the judge expressed concern. The defense counsel didn't do anything to object. And it would seem logical that the judge could then conclude that his concern has been satisfied by the precinct's report in the absence of an objection. Why isn't that a logical way to look at it? Admittedly, I wasn't as well educated at that time as I am now, number one. Number two, called out of order, I'd expected that I was going to be able to talk about amounts of drugs. Didn't do that. And then with the court saying, look, I think this is an unreasonable amount in the PSI, as far as I was concerned, the judge was objecting to that. I mean, he recognized that. And I guess, you know, being there, I guess he had to be there, didn't think it was necessary to object. He simply wasn't going to rely on those amounts that were in the PSI. And he did not rely on those. Do you want to reserve any time for rebuttal? Yes. Thank you very much. Good morning. Good morning. I am Alan Burrow, Assistant U.S. Attorney from Boise, Idaho, on behalf of the government. This court has made it very clear in a plethora of cases that where there is no objection to the pre-sentence report, the district court may accept the factual findings under those circumstances. There is no obligation for the government to go forth and present evidence if the matters are set forth in the pre-sentence report and the defendant has not objected to the pre-sentence report. What about this Haines case? Your Honor, that case involves objections to the pre-sentence report. None of the cases cited by the defendant involve this factual scenario where there was no objection at all to the pre-sentence report. The defendant here never contested the amount of drugs. He never suggested a different amount to the court. He never asked for more specific findings from the district court. He never asked the district court to specifically set out a lesser amount or to explain how the court had attributed that. In this particular case, it's very ironic because the judge on his own reduced the criminal history category. The judge also on his own came down beneath the guideline range that would have been called for by the total amount of drugs set forth in the pre-sentence report. In the Charlesworth case, this court said that where there has been no objection to the pre-sentence report, it is not necessary for the district court to make specific findings under Rule 32. There's simply no issue that's been presented to the district court that the district court must rule on or make specific findings concerning. The judge here came down from a 360 to life guideline range. It came down five years below the bottom of that and gave a 25-year sentence. To sustain a 25-year sentence, it is only necessary to reach a guideline level of 34, given the rest of the findings that the judge made. It is only necessary to find seven ounces of methamphetamine in order to sustain a guideline level 34. If you only consider the three sales that Mr. Santiago personally made to undercover agents in this case and the three sales that his co-defendant, Mr. Reyes, made to undercover agents in this case, you have a total of approximately 175 grams of meth actual, which by that amount alone sustains a level 34. That amount alone would have sustained the sentence that the judge here gave. That does not include the three different automobile stops that were involved in this case that are set forth in the pre-sentence report, paragraphs 18, 19, and 20. Those three stops, which were associated with the conspiracy, included in the pre-sentence report. The defendant did not object to them. We're talking about there approximately six pounds of methamphetamine. That's over six pounds of methamphetamine that the government would have shown the jury in this case. That's completely setting aside any account testimony from co-conspirators, and clearly that's what the judge was discounting. It was not the actual drugs in hand. It was the account testimony. And here, had the district court simply accepted the amounts of drugs set forth in the pre-sentence report, then the issue the defendant currently makes on appeal would not even exist. How can it be so that when the judge exercises his discretion under the Booker case and comes down five years, that the margin for error thereby shrinks? That just does not make any sense. The judge gave a very reasonable sentence here, even a lenient sentence, and this court should affirm it. Thank you very much. Thank you. Mr. Fuller, back to you. You have the last word. I would say it is true, unless you object to a PSI in normal cases, that, in fact, that information can come in and be considered by the court. In this particular case, a couple of things happened. First of all, it's a conspiracy. We're involving five, six, seven parties. It all led to the same thing. It's a very different kind of a situation. The case that I cited in Haines also cited, as the Court of Appeals has made clear, the mere adoption of findings in a PSI is insufficient to satisfy the requirement. The court explicitly analyzed the scope of the defendant, whether I objected to it or not. It simply is not enough to do that. And then specifically in the United States v. Dudley, which I have cited, it indicates that regardless, it says the court's degree of certainty about this is not the issue at all, and that's not what we're talking about. Regardless of how certain it is, the court must lay out its factual findings in detail, sufficient to make clear the basis for the sentence imposed. And, of course, with, again, in Dudley, that that is what we have to have, otherwise the person doesn't have any basis for appeal whatsoever. We get all kinds of sentences for different reasons, and we have no rhyme or reason, we have no standard. When we have conspiracy and you've got five, six people involved in the same thing, you've got to do it, they've got to be there, whether anybody objects to it, whether he rotates who starts and who doesn't start. Quite frankly, he says down here at the very end, whether he was talking about the amounts, he says it might be true, but we need something more to corroborate. Quite frankly, at that particular point, I wasn't sure that he was going to go ahead with the sentencing. And by that time, I think my right to object and where I was going with it was pretty well gone. Thank you. Thank you, Mr. Fuller. Mr. Burrow, thank you as well. The case has now been submitted. Good morning.
judges: Silverman, Gould, Rhoads